UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERICK L. SIMMONS,                )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    Case No. 19-2233-JAR
                                     )
AMSTED RAIL COMPANY, INC.,           )
                                     )
            Defendant.               )

# ORDER

In this wrongful-discharge case, plaintiff Frederick L. Simmons alleges defendant Amsted Rail Company, Inc., terminated his employment because of his age and because he sustained an injury that resulted in a workers' compensation claim. Plaintiff has filed a motion to compel defendant to respond to certain interrogatories and document requests (ECF No. 52). Because the court finds the discovery seeks relevant information and is not unduly burdensome, defendant's objections are overruled and the motion is granted.

Plaintiff began working as a mechanic at defendant's Kansas City, Kansas facility[1] in 2009.[2] On September 27, 2017, plaintiff was injured while performing preventive maintenance (lubrication) on a running machine. Plaintiff missed one week of work and

---

[1] The parties sometimes refer to this as defendant's "KCK facility."

[2] The following facts are alleged in plaintiff's motion and not disputed by defendant in its response. For the purposes of the instant motion, the court construes them as true.

1

then was placed on light-duty work for approximately three weeks. Plaintiff submitted a workers' compensation claim for his injury. Defendant terminated plaintiff on October 23, 2017. Defendant informed plaintiff he was being terminated for violating one of the company's safety policies, specifically the "lock-out tag-out policy," which required the machine to be turned off prior to maintenance. Plaintiff filed suit, alleging defendant's stated reason for termination was pretextual and that he was actually terminated based on his age (57 at the time) and/or as retaliation for making a workers' compensation claim.

Plaintiff served interrogatories and document requests on defendant. Defendant responded, both before and after the motion was filed, but objected to certain interrogatories and requests. It appears there are now six issues in dispute, which the court now addresses.

<u>Interrogatory No. 3 and Request No. 20.</u>  Interrogatory No. 3 asked defendant to identify each multi-craft, maintenance, and production employee[3] "at its KCK facility who was investigated and/or disciplined (but not terminated) for violating any safety rule or policy at any time since January 1, 2015," and to provide the employee's date of hire, date of birth, last held position, contact information, and the rule/policy for which the employee was investigated or disciplined.[4]  Related Document Request No. 20 sought, for each

---

[3] Interrogatory No. 3 originally sought information about "every employee" falling into the subsequently listed category, but plaintiff's motion limits the interrogatory to these three types of workers.

[4] ECF No. 52-1 at 4-5.

O:\ORDERS\19-2233-JAR-52.docx

person identified in Interrogatory No. 3, "documents reflecting his/her date of hire, disciplinary records during the last four years of his/her employment, performance reviews and/or evaluations during the last four years of his/her employment, documents regarding his/her safety violation (including any investigation summary and/or incident report), and documents reflecting the date and reason(s) for his/her termination."[5]

Defendant asserts two objections to Interrogatory No. 3, both of which the court overrules.[6] First, defendant asserts responding to the request would be unduly burdensome because it would require defendant to manually review the personnel files of "60-plus" employees.[7] A party asserting undue burden as an objection must present support that objection with an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.[8] Thus, as the party objecting to discovery, defendant

---

[5] ECF No. 52-2 at 7.

[6] The court notes that with respect to Interrogatory No. 3 and other discovery requests discussed below, defendant asserted fewer objections in response to plaintiff's motion to compel than it did in its original response to the interrogatory. Because objections not reasserted in response to a motion to compel are deemed abandoned, the court only addresses the specific objections raised in defendant's response brief. *See Kannaday v. Ball*, 292 F.R.D. 640, 644 (D. Kan. 2013) ("[O]bjections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned."); *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404, 2011 WL 13233153, at *2 (D. Kan. Sept. 28, 2011) ("Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned." (internal quotations and citation omitted)).

[7] ECF No. 53 at 5.

[8] *Fish v. Kobach*, Nos. 16-2105-JAR-JPO, 15-9300-JAR-JPO, 2016 WL 893787, at *1 (D. Kan. March 8, 2016); *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653

3

bears "the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[9] This imposes an obligation on defendant "to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents."[10] Defendant has not attempted to meet this evidentiary burden. For example, defendant voluntarily undertook a review of approximately 25 employee-personnel files that would be responsive to Interrogatory No. 3 if the interrogatory were limited to a certain category of employee and to two years. But defendant has said nothing about the time or expense incurred in that review or attempted to extrapolate the sum to reviewing another 40 or so files. Rather, defendant simply makes the conclusory statement that continuing the search of the additional employees covered by the interrogatory would be burdensome. This is insufficient to support defendant's burden.

Next, defendant asserts Interrogatory No. 3 is "overbroad and not proportional to the needs of the case" because it requested information about employees disciplined for violating *any* safety rule or policy, rather than limiting its inquiry to employees disciplined

---

(D. Kan. 2004) and *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof)).

[9] *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV, 2018 WL 3055869, at *3 (D. Kan. June 20, 2018) (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

[10] *Id.*

4

for failing to "lockout/tagout."[11] Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant.[12] Plaintiff has taken the position in this case that defendant's stated reason for terminating him—violation of a safety rule—is a pretext for discrimination/retaliation. The court agrees with plaintiff that the manner in which defendant treated other safety violations by maintenance and production employees at the same facility directly bears on the question of pretext and is not overbroad. If defendant did not terminate an employee who committed a safety violation the factfinder decides is more dangerous than a lockout/tagout violation, the factfinder could conclude defendant's stated reason for terminating plaintiff was pretextual. To the extent defendant broadly labels the requested discovery "not proportional," defendant has given the court no ability

---

[11] ECF No. 53 at 5.

[12] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 Amendment to Rule 26(b)(1)). *See also Waters v. Union Pacific R.R. Co.*, No. 15-1287-EFM, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") (internal quotations and citation omitted).

5

to weigh this question because, as discussed above, defendant has not addressed the burden and expense of responding to Interrogatory No. 3.[13]

Defendant raises no separate objection to related Request No. 20, but instead asserts only that it is "similarly overbroad and erroneous." Thus, because defendant hangs its argument on its argument to Interrogatory No. 3, its objection to Request No. 20 is overruled for the same reasons. Defendant is ordered to respond to Interrogatory No. 3 and Request No. 20, as limited by plaintiff (i.e., as applied to multi-craft, maintenance, and production employees).

Interrogatory No. 5. Interrogatory No. 5 requested identification and contact information for each person involved in administering plaintiff's workers' compensation claim. Defendant does not assert an objection to this interrogatory and states it "produced communications with its third-party administrator concerning Plaintiff's injury, from which the requested information may be ascertained pursuant to Federal Rule of Civil Procedure 33(d)."[14] Defendant identified 130 pages of documents from which it alleged plaintiff could ascertain the answer to the interrogatory. Plaintiff argues that defendant's identification of such a large number of documents was inadequate to answer the

---

[13] Nor has defendant addressed any of the other five proportionality considerations identified in Rule 26(b)(1).

[14] ECF No. 53 at 7.

6

interrogatory and, in any event, the documents do not reveal the identity and contact information sought by the interrogatory.

The court agrees that defendant's reference to 130 pages of documents in response to a relatively simple question is insufficient in this instance. This court has held,

> [A] party does not comply with Rule 33(d) by merely referring another party to a large mass of records hoping the party will be able to glean the requested information from them. . . . Responding parties must specifically identify in their interrogatory answers which documents contain the responsive information. Otherwise, the interrogatories must be answered without referring to records.[15]

Perhaps more troubling than the sheer number of documents defendant referenced is plaintiff's undisputed allegation (which defendant has not sought leave to challenge in a sur-reply) that the documents do not contain information from which plaintiff can ascertain an answer to Interrogatory No. 5. Accepting this as true, the court finds defendant has not met Rule 33(d)'s identification requirement.[16] Defendant is therefore ordered to answer Interrogatory No. 5 in a written response.

Interrogatory No. 7. Interrogatory No. 7 asked defendant to identify and provide information about "each individual who worked in a Maintenance Multi-craft or Mechanic position at defendant's KCK facility at any time during the period January 1, 2015 to

---

[15] *Smith v. TFI Family Servs., Inc.*, No. 17-02235-JWB, 2019 WL 266234, at *2 (D. Kan. Jan. 18, 2019).

[16] Rule 33(d) only permits a party to answer an interrogatory by reference to business records *"[i]f* the answer to an interrogatory may be determined by [reviewing the business records]." Fed. R. Civ. P. 33(d) (emphasis added).

December 31, 2018."[17] In defendant's response to the motion to compel, defendant objects that the interrogatory is overbroad because it goes beyond seeking the identity of persons "assigned the hot wheel grinder lubrication PM beyond January 1, 2017 and December 31, 2018."[18]

As noted above, a party may obtain discovery regarding any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[19] Stated another way, "[d]iscovery relevance is minimal relevance" and should be allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action."[20] Plaintiff explains that the information sought by Interrogatory No. 7 is relevant because "other mechanic and multi-craft employees in the same department in the same plant . . . are likely to have important information regarding work orders, job expectations, and safety practices at the plant" and because plaintiff's "duties were not limited to performing preventative maintenance on the hot

---

[17] ECF No. 52-1 at 8-9.

[18] ECF No. 53 at 8.

[19] *Rowan*, 2016 WL 3745680, at *2. *See also Waters*, 2016 WL 3405173, at *1 ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") (internal quotations and citation omitted).

[20] *Grider v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC, 2018 WL 3862703, at *2 (D. Kan. Aug. 14, 2018) (internal quotations and citations omitted).

wheel grinder."[21]  Moreover, because plaintiff was injured in September 2017 and terminated in October 2017, the 2015-2018 temporal scope of the interrogatory is likely to lead to relevant information; it is not overbroad.  The court finds plaintiff has satisfied the minimal burden of demonstrating relevance.  Defendant's objection is overruled.

Interrogatory No. 8.  Interrogatory No. 8 requested "the annualized dollar value of all employee benefits that plaintiff would have been eligible to receive if his employment with defendant had not been terminated."  As with Interrogatory No. 5, defendant responded by producing business records pursuant to Rule 33(d).  Plaintiff asserts, however, that the documents produced (payroll records and W-2 tax forms) do not provide the information sought by the interrogatory; plaintiff cannot glean from them the value of his lost benefits.  For example, the documents do not show the amounts defendant paid for plaintiff's medical coverage, profit-sharing and 401k contributions, ESOP distributions, or other benefits such as life insurance, paid vacation, sick leave, or disability insurance.  Defendant has not disputed (or sought to dispute) plaintiff's characterization of the documents.  Accordingly, the court accepts the characterization as true and finds defendant has not sufficiently answered Interrogatory No. 8. Defendant is ordered to answer Interrogatory No. 8 in a written response.

Request No. 19.  Document Request No. 19 sought, for each employee who had an on-the-job injury that resulted in time off work since January 1, 2015, "documents

---

[21] ECF No. 57 at 6-7.

O:\ORDERS\19-2233-JAR-52.docx

reflecting his/her date of hire, the report of injury, the amount of time he/she missed from work due to the on-the-job injury, disciplinary records during the last four years of his/her employment, performance reviews and/or evaluations during the last four years of his/her employment, and, if applicable, documents reflecting the date and reason(s) for his/her termination."[22] In its response to the instant motion to compel, defendant discussed its original objections and the parties' correspondence about this request, but did not clearly re-assert any objection.[23] Defendant does state "there is no nexus" between the documents sought and "[p]laintiff's circumstances," and "there is no basis for production."[24] Under a generous reading of defendant's response brief, defendant could be asserting an objection based on relevancy.

Assuming defendant's objection is that Request No. 19 seeks documents that are not relevant (i.e., that it is "overboard"),[25] the objection is overruled. Plaintiff explains the documents sought are needed to "investigate defendant's treatment of other employees who sustained work comp injuries, which in turn is reasonably calculated to: (1) show preferential treatment of younger employees; (2) establish that plaintiff's purported lock-out tag-out violation was pretextual; and (3) investigate whether defendant punished other employees who had the misfortune of sustaining work comp injuries, which in turn would

---

[22] ECF No. 52-2 at 6.

[23] *See supra* n.6 (discussing waiver of objections).

[24] ECF No. 53 at 12.

[25] Defendant objected on this basis in its original response to the request.

10

strongly support the inference that defendant did the same to [plaintiff]."[26] The court finds the low "discovery relevance" burden has been satisfied because the documents sought could bear on issues in this case. Defendant is ordered to produce documents in full response to Request No. 19.

IT IS THEREFORE ORDERED that plaintiff's motion to compel is granted. Defendant is ordered to fully respond to Interrogatory Nos. 3, 5, 7, and 8, and Request Nos. 19 and 20 by **October 4, 2019**.

Dated September 12, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge

---

[26] ECF No. 57 at 9.